IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JIM JACKSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| VS. | § | |
| | § | 3:04-CV-758-K |
| TXU CORPORATION and TXU | § | |
| ENERGY RETAIL COMPANY, et al. | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants TXU Energy Retail Company, L.P., TXU U.S. Holdings Company, TXU Business Services Company's (collectively "TXU") and TXU Corp.'s (whom Defendants allege is an improper Defendant to this suit) Motion for Summary Judgment. The Court finds that Plaintiff Jim Jackson ("Jackson") has failed to allege a prima facie failure to promote claim based on racial discrimination because he produced no evidence that he was qualified for the management positions sought, or that those positions were filled by people outside the protected class. Jackson has also failed to allege a prima facie failure to promote claim based on retaliation because he produced no evidence of a causal link between his complaints to TXU and the adverse employment activity. Finally, Jackson's discharge claims based on racial discrimination and retaliation also fail because Jackson produced no evidence to rebut TXU's legitimate, non-discriminatory reason for terminating Jackson. Because

Jackson's claims all fail as a matter of law, the Court **GRANTS** TXU's Motion for Summary Judgment.

I. **Background Facts**

Plaintiff Jim Jackson is an African American male. At the time of the events giving rise to this action, Jackson was a Transition Project Manager for TXU. Jackson brings this action alleging that TXU failed to promote him and ultimately discharged him from employment because of racial discrimination and retaliatory animus. Between February 2000 and September 2002, Jackson submitted several applications to TXU for various management positions throughout the organization. Jackson was not selected for promotion to any of these positions.

Jackson complained about TXU's hiring and interview process, in part, by submitting e-mails to Jarrell Gibbs ("Gibbs"), then President of TXU. The e-mails were forwarded to Richard Wistrand ("Wistrand"), then Vice President of Human Resources. Two internal investigations were conducted as a result of Jackson's complaints. Jackson subsequently met with both Gibbs and Wistrand to discuss his concerns on at least one occasion in approximately September 2001. Jackson met with Wistrand again in approximately September 2002.

In the fall of 2002, TXU undertook a reduction in workforce. Paul Plunket ("Plunket"), then Executive Vice President for Regulatory Affairs, selected eleven individuals, including Jackson, for termination from employment with TXU. Plunket based his decision to terminate these individuals on skills assessments conducted by

those employees' supervisors. Felicia Lokey ("Lokey") was Jackson's supervisor at the time of the reduction in workforce. Three of Lokey's employees, including Jackson, were selected for termination from employment with TXU. Jackson's actual date of separation from employment with TXU was January 9, 2003.

## II.   Legal Standard

### A.   Summary Judgment

Summary judgment is appropriate when the pleadings, affidavits and other summary judgment evidence show that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 322-25. Once a movant makes a properly supported motion, the burden shifts to the nonmovant to show that summary judgment should not be granted; the nonmovant may not rest upon allegations in the pleadings, but must support the response to the motion with summary judgment evidence showing the existence of a genuine fact issue for trial. *Id*. at 321-25; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255-57 (1986). All evidence and reasonable inferences must be viewed in the light most favorable to the nonmovant. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

### B.   Racial Discrimination Law

Plaintiff Jackson seeks relief for race discrimination and retaliation under Title

VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"); 42 U.S.C. § 1981; and the Texas Commission on Human Rights Act ("TCHRA"), Tex. Labor Code, § 21.001, et seq. Although each of these statutes authorizes a separate cause of action, the evidentiary framework to make out a claim for relief under any of them is the same. *See Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 404 n. 2 (5th Cir.1999).

To survive a defendant's motion for summary judgment, a plaintiff must present sufficient evidence to create a fact issue regarding race discrimination and retaliation, either through direct or circumstantial evidence. A plaintiff who offers sufficient direct evidence of intentional discrimination should prevail, just as in any other case where a plaintiff meets his burden. *Nichols v. Loral Vought Systems Corp.*, 81 F.3d 38, 40 (5th Cir. 1996) (citing *Portis v. First Nat'l Bank of New Albany, Miss.*, 34 F.3d 325, 328 n. 6 (5th Cir. 1994)). Direct evidence is evidence which, if believed, proves the fact without inference or presumption. *Jones v. Robinson Property Group, L.P.*, 427 F.3d 987, 992 (5th Cir. 2005). If direct evidence is unavailable, the plaintiff may create an inference of discrimination or retaliation by using the modified McDonnell Douglas burden-shifting framework. *See Rachid v. Jack in the Box, Inc.,* 376 F.3d 305, 312 (5th Cir. 2004). Because Jackson does not present direct evidence of discrimination or retaliation in this case, the court will apply the McDonnell Douglas burden-shifting framework.

III.   **Jackson's Failure to Promote Claims**

Jackson alleges that he was subject to race discrimination and retaliation when he was not selected for various management positions between February 2000 and September 2002. Under McDonnell Douglas, a plaintiff must first establish a prima facie case of discrimination or retaliation in order to survive summary judgment. Because Jackson has failed to raise genuine issues of material fact on the essential elements of his failure to promote claims, the Court finds that Jackson's claims fail as a matter of law

### A.   Failure to Promote Based on Racial Discrimination

Under McDonnell Douglas, a plaintiff must first establish a prima facie case of discrimination. An employee presents a prima facie case in a failure to promote claim by showing that (1) he belongs to a protected group, (2) he was qualified for the positions sought, (3) he did not receive the promotion, and (4) the position was filled by someone outside the protected class. *Oden v. Oktibbeha County*, 246 F.3d 458, 468 (5th Cir. 2001). Jackson has failed to allege a prima facie case because he has not produced any evidence that he was qualified for the management positions sought, or that those positions were filled by people outside the protected class. Because Jackson has produced no evidence of these essential elements, his failure to promote claim based on race discrimination fails as a matter of law.

Although Jackson presented evidence about his educational background and work experience at TXU, he nonetheless fails to state a prima facie case of discrimination because he has not listed the hiring criteria for the actual positions that

he sought, nor has he shown that he satisfies the hiring requirements for those positions. *See Burrell v. Crown Cent. Petroleum, Inc.*, 255 F. Supp. 2d 591, 619 (E.D. Tex. 2003). Jackson's only evidence that he was qualified for the management positions is his personal belief that he was more qualified than those who were ultimately selected. A plaintiff's personal belief that he was qualified, however, is insufficient to establish a prima facie case. *See id*. Jackson has, therefore, failed to produce any evidence that he was qualified for the management positions sought.

Jackson has also failed to produce any evidence showing that the management positions were filled by individuals outside the protected class. Jackson alleges that he could have produced such evidence at one time, but he can no longer recall the identity of those who were selected to fill the positions. This is insufficient to establish Jackson's burden of production. A plaintiff may not rest upon allegations in the pleadings, but must support his argument with summary judgment evidence showing the existence of a genuine fact issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255-57(1986). Because Jackson has failed to produce evidence showing that he was qualified for the positions he sought or that those positions were filled by individuals outside the protected class, the Court **GRANTS** summary judgment for TXU on Jackson's failure to promote claim based on racial discrimination.

B. **Failure to Promote Based on Retaliation**

As with a claim of race discrimination, the Court also applies the modified McDonnell Douglas burden shifting framework to Jackson's claim of retaliation. *See*

*Sherrod v. American Airlines, Inc.*, 132 F.3d 1112, 1121-22 (5th Cir.1998).  To establish a prima facie case of retaliation, Jackson must show that (1) he engaged in activity protected by Title VII, (2) an adverse employment action occurred, and (3) a causal link exists between the protected activity and the adverse action.  *See Gee v. Principi*, 289 F.3d 342, 345 (5th Cir. 2002).  Jackson has failed to state a prima facie retaliation claim in this case because he has produced no evidence showing a causal link between his alleged protected activity and the adverse employment action.

The "causal link" element of a prima facie retaliation claim does not does not rise to the level of a "but for" standard, and Jackson need not prove that the protected activity was the sole factor behind TXU's decision not to promote him.  *See id*.  In order to survive summary judgment, however, Jackson must produce some evidence that the adverse employment decision was not wholly unrelated to the protected activity.  *See Medina v. Ramsey Steel, Co., Inc.*, 238 F.3d 674, 684 (5th Cir. 2001).  In this case, Jackson has produced no evidence showing that any of the hiring managers for the positions he sought exhibited hostile attitudes toward, or even had knowledge of the complaints that he made to TXU.  Without such evidence, Jackson cannot raise a fact issue about the causal link between his complaints and TXU's decision not to promote him.  Because Jackson has failed to produce any evidence on this essential element of his case, the Court **GRANTS** summary judgment for TXU on Jackson's failure to promote claim based on retaliation.

**IV.    Jackson's Termination Claims**

### A. Jackson's Prima Facie Case

Jackson alleges that he was subject to race discrimination and retaliation when he was terminated from employment with TXU on January 9, 2003. Jackson must establish a prima facie case for discharge based on racial discrimination by producing evidence that (1) he is a member of a protected group; (2) he was qualified for the job that he held; (3) he was discharged; and (4) after his discharge, the employer filled the position with a person who is not a member of the protected group, or that others who were not members of the protected class remained in similar positions. *Vaughn v. Edel*, 918 F.2d 517, 521 (5th Cir. 1990). The prima facie elements for retaliation are listed above in the Court's discussion of Jackson's failure to promote claims.

The parties dispute whether Jackson has established a prima facie case. For the purposes of this summary judgment motion, the Court assumes without deciding that Jackson has demonstrated a prima facie case of discrimination and retaliation, and reviews Plaintiff's discharge claims under the modified McDonnell Douglas approach. *See Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir.2004); *see also Long v. Eastfield College*, 88 F.3d 300, 304 (5th Cir.1996) (en banc) (applying McDonnell Douglas to retaliation claims).

### B. TXU's Legitimate, Nondiscriminatory Reason

Under the McDonnell Douglas approach, after a prima facie case has been alleged, TXU must articulate a legitimate, non-discriminatory reason for its decision to

terminate Jackson. If TXU meets its burden of production, then Jackson must offer sufficient evidence to create a genuine issue of material fact either (1) that TXU's reason is merely a pretext for discrimination or retaliation; or (2) that TXU's decision to terminate Jackson was also motivated by discrimination. If Jackson demonstrates that discrimination was a motivating factor in the employment decision, it then falls to TXU to prove that the same adverse employment decision would have been made regardless of the discriminatory or retaliatory animus. *See Rachid*, 376 F.3d at 312.

In this case, TXU offered proof that it discharged Jackson as part of an overall reduction in workforce. TXU selected eleven employees for termination, including Jackson, based on an assessment of the employees' skills and the anticipated workload in the Texas market. This satisfies TXU's burden of articulating a legitimate, non-discriminatory reason for the discharge. *See, e.g. EEOC v. Texas Instruments, Inc.*, 100 F.3d 1173, 1181 (5th Cir. 1996). To survive summary judgment, Jackson must now offer sufficient evidence creating a genuine fact issue that TXU's reduction in force was merely a pretext for discrimination, or that discrimination was a motivating factor in TXU's decision to terminate Jackson.

    **C.**    **Pretext or Mixed-Motive**

    **i.**    **Pretext**

The burden now shifts back to Jackson to produce evidence that would be sufficient to persuade a jury that TXU's legitimate, nondiscriminatory reason is a pretext for discrimination against him. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530

U.S. 133, 143 (2000). Jackson must offer proof that TXU's decision to terminate him was more likely motivated by discrimination, or that TXU's articulated reason is "unworthy of credence." *See Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 256 (1981); *Wallace v. Methodist Hosp. System,* 271 F.3d 212, 220 (5th Cir. 2001). Once a case reaches the pretext stage, the inference of discrimination ends, leaving only the ultimate issue of whether there is a conflict in substantial evidence sufficient to create a fact issue regarding discrimination. *Long*, 88 F.3d at 308.

Jackson argues that he was not in fact terminated as part of a reduction in workforce because he was replaced by Mary Nero, a contract employee who was not a member of the protected class. The sole basis of Jackson's argument is a TXU organizational chart showing that Ms. Nero worked in Jackson's department. However, Ms. Nero's uncontradicted testimony is that she only worked as a temporary administrative assistant for Lokey's department. At no time did Ms. Nero fill or assume any of Jackson's duties as project manager after his termination from TXU employment. Jackson's unsupported argument that he was replaced by Ms. Nero does not amount to actual evidence that TXU's reduction in force was a pretext for discrimination.

Jackson also complains about the subjective nature of the skills assessment used to evaluate his employment status. Even if the Court accepts that the assessment was subjective, Jackson's argument still fails because an employer's use of subjective assessment criteria is not sufficient evidence of pretext. *See Manning v. Chevron*

*Chemical Co., LLC*, 332 F.3d 874, 882 (5th Cir. 2003).  The Court therefore concludes that Jackson has produced no evidence showing that TXU's reduction in workforce is a pretext for discrimination.

    **ii.**    **Mixed-Motive**

Jackson can also survive summary judgment by producing evidence that discrimination was also a motivating factor in TXU's decision to terminate Jackson. Under a mixed motive theory, Jackson must produce some evidence, direct or circumstantial, of a discriminatory motivating factor in order to avoid summary judgment.  *See Rachid*, 376 F.3d at 312.  In this case, Jackson has provided no evidence raising a fact question that TXU's reason, while true, is only one of the reasons for its conduct and that discrimination was a motivating factor.

Jackson's only evidence related to discrimination is his allegation of statements made by other TXU employees.  According to Jackson, human resources employees told him that TXU managers would circumvent the hiring process to disadvantage African Americans.  In order for comments in the workplace to provide sufficient evidence of discrimination, they must be 1) related to the protected class of persons of which the plaintiff is a member; 2) proximate in time to the complained-of adverse employment decision; 3) made by an individual with authority over the employment decision at issue; and 4) related to the employment decision at issue.  *Rubinstein v. Administrators of Tulane Educational Fund*, 218 F.3d 392, 401 (5th Cir. 2000).  In this case, Jackson has not shown that any of these human resources employees were

involved in the workforce reduction decision-making process or that the statements were made in connection with Jackson's discharge. As such, the alleged statements amount to nothing more than "stray remarks," which do not raise a genuine issue of discriminatory intent and are insufficient to defeat summary judgment. *See Scales v. Slater*, 181 F.3d 703, 712 (5th Cir. 1999). Jackson provides no other evidence of TXU's discriminatory or retaliatory intent, other than his conclusory statements and subjective belief, which is insufficient to rebut TXU's legitimate, nondiscriminatory reason for its actions. *See Vance v. Union Planters Corp.*, 209 F.3d 438, 444 (5th Cir. 2000).

Based on Jackson's lack of summary judgment evidence, the Court concludes that Plaintiff has failed to create a genuine issue of material fact either (1) that TXU's reason for terminating Jackson is a pretext for discrimination or (2) that TXU's decision to terminate Jackson was also motivated by racial discrimination or retaliatory animus. Because Jackson has produced no evidence to rebut TXU's legitimate, non-discriminatory reason for terminating Jackson, the Court **GRANTS** summary judgment for TXU on Jackson's claims for discharge based on discrimination and retaliation.

V.   **Conclusion**

In conclusion, the Court **GRANTS** summary judgment for TXU on all of Jackson's claims. Jackson failed to allege a prima facie failure to promote claim based on racial discrimination because he produced no evidence that he was qualified for the

management positions sought, or that those positions were filled by people outside the protected class.  He also failed to allege a prima facie failure to promote claim based on retaliation because he produced no evidence of a causal link between his complaints to TXU and the adverse employment activity.  Jackson's discharge claims based on racial discrimination and retaliation also fail because Jackson produced no evidence to rebut TXU's legitimate, non-discriminatory reason for terminating Jackson.  TXU's motion for summary judgment is therefore **GRANTED**.

      **SO ORDERED**.

      Signed February 28th , 2006.

                                                           s/Ed Kinkeade
                                                         ED KINKEADE
                                                         UNITED STATES DISTRICT JUDGE